ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| MÓNICA HERNÁNDEZ MORALES<br><br>Parte Recurrente<br><br><br>v.<br><br><br>DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR, SR. FEDERICO RODRÍGUEZ TORRES<br><br>Parte Recurrida | KLRA202200665 | *Revisión Administrativa* procedente del Departamento de Asuntos del Consumidor<br><br><br>QUERELLA NÚMERO: SAN-2020-0007944<br><br><br>SOBRE:<br><br>Bienes Raíces (Ley Núm. 10 de 26 de abril de 1994, según enmendada) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece la Sra. Mónica Hernández Morales (en adelante, Sra. Hernández Morales o parte querellante-recurrente) y nos solicita la revisión de la *Resolución* emitida el 31 de octubre de 2022 y notificada el 1 de noviembre de 2022 por el Departamento de Asuntos del Consumidor (DACO).[1] Mediante dicho dictamen, el DACO declaró No Ha Lugar la querella presentada por la Sra. Hernández Morales en contra del Sr. Federico Rodríguez Torres (en adelante, Sr. Rodríguez Torres o parte querellada-recurrida), por falta de jurisdicción.

Por los fundamentos que expondremos a continuación, se deja sin efecto la *Resolución* recurrida y se devuelve el caso al foro administrativo para la celebración de una vista con el propósito de que se dilucide adecuadamente esta controversia.

---

[1] Apéndice 1 y 2 del *Alegato de la Parte Demandante Recurrente,* págs. 1-5.

Número Identificador

SEN2023 _____

**I**

El 30 de diciembre de 2020, la Sra. Hernández Morales presentó ante el DACO la Querella Núm. San-2020-0007944 en contra del Sr. Rodríguez Torres. En síntesis, la Sra. Hernández Morales alegó que el Sr. Rodríguez Torres incurrió en actos o prácticas proscritas por la Ley Núm. 10-1994, *infra*, al llevar a cabo una transacción de bienes raíces relacionada con un bien inmueble ubicado en la urbanización Los Faroles en el municipio de Bayamón.[2]

El 19 de enero de 2021, el Sr. Rodríguez Torres presentó *Moción de Desestimación*, en la que solicitó la desestimación de la querella presentada en su contra bajo la Regla 10 del Reglamento de Procedimientos Adjudicativos del DACO, Reglamento Núm. 8034 de 14 de junio de 2011, por entender que esta dejaba de exponer una reclamación que justifique la concesión de un remedio.[3] En síntesis, el Sr. Rodríguez Torres alegó que, de la relación de hechos expuesta en la querella y del contrato suscrito entre las partes,[4] surge que él no actuó como corredor de bienes raíces durante la referida transacción, sino como propietario del bien inmueble, por lo que no le aplicaban las disposiciones de la Ley Núm. 10-1994, *infra*, y, en consecuencia, la controversia no era un asunto bajo la jurisdicción del DACO.

Así las cosas, el 28 de enero de 2021, la parte querellante-recurrente presentó *Moción Asumiendo Representación Legal y Réplica a Moción de Desestimación.*[5] En síntesis, alegó la parte querellante-recurrente que se había comunicado con el querellado-recurrido una vez encuentra en Clasificados "On Line", la propiedad

---

[2] Apéndice 9 del *Alegato de la Parte Demandante Recurrente*, págs. 50-60. Ley Núm. 10-1994, según enmendada, conocida como *"Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor o Empresa de Bienes Raíces en Puerto Rico"*, 20 LPRA sec. 3025 *et seq.*

[3] Apéndice 6 del *Alegato de la Parte Demandante Recurrente*, págs. 23-28.

[4] Apéndice 14 B y C del *Alegato de la Parte Demandante Recurrente*, págs. 79-82.

[5] Apéndice 7 del *Alegato de la Parte Demandante Recurrente*, págs. 29-40.

inmueble en la urbanización Los Faroles en el pueblo de Bayamón por el precio de venta de $278,000.00.[6] También, arguyó que del clasificado surgía que "The Property Shop", a través del Sr. Rodríguez Torres, con licencia de corredor de bienes raíces número C-16985 y teléfono (787) 632-1050, era la entidad y/o la persona a cargo de la venta.[7] Además, argumentó la parte querellante-recurrente que luego de que le entregara una comunicación escrita al Sr. Rodríguez Torres en relación a la suma de $7,000.00, por concepto de opción de la propiedad, el querellado-recurrido procedió a remover el anuncio de clasificados "On Line" y lo reemplazó por otro similar, pero eliminando el nombre del negocio (The Property Shop), así como el número de su licencia de corredor de bienes raíces.[8] Por último, alegó la parte querellante-recurrente que en la querella presentada en DACO explicó la forma y manera que contactó al querellado-recurrido, y sobre el particular expresó que una vez observó el clasificado no surgía que fuera el dueño de la propiedad; que no fue hasta que se coordinó una reunión en la propiedad donde advino en conocimiento que además de "Realtor", era el dueño de la propiedad.[9] El 10 de febrero de 2021, la Sra. Hernández Morales presentó en DACO *Moción Acompañando Documentos Relacionados a Réplica a Moción de Desestimación*[10], a la cual anejó las capturas de imagen de clasificados "On Line".

El 18 de febrero de 2021, el DACO dictó y notificó *Resolución Parcial*, mediante la cual declaró No Ha Lugar la solicitud de desestimación presentada por la parte querellada-recurrida.[11] De esta determinación la parte querellada-recurrida no presentó moción de reconsideración ni interpuso recurso de revisión judicial.

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] Apéndice 7A del *Alegato de la Parte Demandante Recurrente,* págs. 41-45.
[11] Apéndice 8 y 8A del *Alegato de la Parte Demandante Recurrente,* págs. 46-49.

Luego de varios trámites procesales, el 10 de marzo de 2021 DACO notificó, nuevamente, la *Resolución Parcial*, mediante documento intitulado *Minuta y Orden*.[12] De esta nueva notificación la parte querellada-recurrente no solicitó reconsideración ni instó recurso de revisión judicial.

El 18 de marzo de 2021, el Sr. Rodríguez Torres presentó su *Contestación a Querella* ante DACO, mediante la cual negó todas las alegaciones hechas en su contra.[13]

El 2 de junio de 2021, se comenzó a celebrar la vista administrativa del caso de autos ante la Jueza Administrativa, Lcda. Mari R. Ortiz Maldonado, la cual se pautó su continuación luego de varios reseñalamientos para el 1 de diciembre de 2021[14], fecha en la cual se dio el asunto en sus méritos por sometido.

Así las cosas, el 21 de junio de 2022, DACO ordenó la celebración de una vista *de novo* ante una nueva Jueza Administrativa, Lcda. Viviana M. Lebrón Rodríguez, la cual quedó pautada para el 12 de julio de 2022.[15] El 23 de junio de 2022, DACO dictó y notificó *Orden* dejando sin efecto la vista *de novo* pautada para el 12 de julio de 2022.[16]

Finalmente, el 31 de octubre de 2022, DACO dictó *Resolución* notificada el 1 de noviembre de 2022, desestimando la querella por falta de jurisdicción.[17] La *Resolución* emitida dispuso lo siguiente:

> "Luego de haber escuchado las vistas y evaluado el expediente administrativo y la prueba que obra en el mismo, se formulan las siguientes:

### DETERMINACIONES DE HECHOS

---

[12] Apéndice 12 del *Alegato de la Parte Demandante Recurrente*, págs. 71-74.
[13] Apéndice 11 del *Alegato de la Parte Demandante Recurrente*, págs. 67-69.
[14] La continuación de la vista se debió a que quedó pendiente la presentación de la prueba por parte del señor Rodríguez Torres. Apéndice 14V, 14W y 14X del *Alegato de la Parte Demandante Recurrente*, págs. 154-163.
[15] Apéndice 14Y del *Alegato de la Parte Demandante Recurrente*, págs. 164-167.
[16] Apéndice 14Z del *Alegato de la Parte Demandante Recurrente*, págs. 168-169.
[17] Véase nota al calce 1.

1. El 27 de agosto de 2021, la parte querellante suscribió un contrato de opción de compra y otro de compraventa con el querellado, Federico Rodríguez Torres y su esposa, Xiomara S. Rodríguez Gómez, sobre la propiedad del querellado y su esposa, sita en la [U]rbanización Los Faroles, 20 Paseo Las Galerías en Bayamón, Puerto Rico.

2. En los contratos objeto de la presente querella, la parte querellada compareció como vendedor y propietario junto a su esposa, de la referida propiedad.

3. El querellado no compareció en dichos contratos como corredor de bienes raíces. En los contratos no compareció ninguna persona fungiendo como corredor de bienes raíces.

4. El querellado tiene licencia de bienes raíces, sin embargo, en los contratos objeto de la presente querella, él es el vendedor y dueño de la propiedad.

5. Los contratos objeto de la querella de epígrafe, son entre partes privadas.

**CONCLUSIONES DE DERECHO**

[…]

En la presente querella, se perfeccionó entre las partes de epígrafe, un contrato de opción de compra y uno de compraventa de una propiedad inmueble del querellado. Este contrato fue uno entre partes privadas y en d[o]nde no medió un corredor de bienes raíces. El querellado compareció en ambos contratos junto a su esposa, como los dueños de la propiedad opcionada. Por tanto, en el presente caso no son de aplicación las disposiciones de la Ley para Reglamentar el Negocio de Corredores, Vendedores o Empresas de Bienes Raíces de Puerto Rico, Ley Número 10 del 26 de abril de 1994 y su Reglamento. Por tanto, el Departamento de Asuntos del Consumidor carece de jurisdicción para entender en un contrato entre partes privadas. La jurisdicción de este caso le pertenece al Tribunal de Primera Instancia.

Por todo lo anteriormente expuesto, este Departamento, en virtud de las facultades conferidas por la Ley Núm. 5 de 23 de abril de 1973, según enmendada, emite la siguiente:

**ORDEN**

Se declara no ha lugar la querella de epígrafe por falta de jurisdicción.

[…]".

El 16 de noviembre de 2022, la parte querellante-recurrente presentó *Moción en Solicitud de Reconsideración*.[18] DACO, el 18 de noviembre de 2022, mediante *Resolución en Reconsideración*, declaró no ha lugar la solicitud de reconsideración presentada por la parte querellante-recurrente.[19]

Inconforme, la parte querellante-recurrente acude ante nos el 16 de diciembre de 2022 mediante recurso de revisión administrativa titulado *Alegato de la Parte Demandante Recurrente*, en el cual plantea la comisión de los errores siguientes:

> Erró en grave error de derecho el Departamento de Asuntos del Consumidor, al declarar sin jurisdicción la Querella SAN-2020--0007944, cuando previamente había declarado sin lugar la Moción de Desestimación presentada por el querellado ante la Juez Administrativa Mari R. Ortiz Maldonado.
>
> Erró en grave error de derecho el Departamento de Asuntos del Consumidor, al determinar que el Contrato entre las partes era uno privado cuando el querellado se dedica habitualmente al negocio de ventas de bienes inmuebles.

El 3 de enero de 2023, compareció ante nos la parte querellada-recurrida con su *Alegato en Oposición a Recurso de la Recurrente*.

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A.

La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable. *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011); *Empresas Ferré v. A.R.Pe.*, 172 DPR 254, 264 (2007). A esos efectos, la revisión judicial comprende tres aspectos: la concesión

---

[18] Apéndice 3 del *Alegato de la Parte Demandante Recurrente*, págs. 6-20.
[19] Apéndice 4 y 5 del *Alegato de la Parte Demandante Recurrente*, págs. 21-22.

del remedio apropiado, la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial, y la revisión completa de las conclusiones de derecho. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 217 (2012), citando a *Asoc. Fcias v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010) y *Mun. de San Juan v. J.C.A.*, 149 DPR 263, 279-280 (1999).

Nuestro Tribunal Supremo ha establecido que las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Batista, Nobbe v. Jta. Directores, supra*, pág. 216, citando a *Pereira Suárez v. Jta. Dir. Cond.*, 182 DPR 485, 511-512 (2011); *Domínguez v. Caguas Expressway Motors*, 148 DPR 387, 397-398 (1999). La evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Íd.*, citando a *Pereira Suárez v. Jta. Dir. Cond., supra; Otero v. Toyota*, 163 DPR 716, 728 (2005). Dicho análisis requiere que la evidencia sea considerada en su totalidad, esto es, tanto la que sostenga la decisión administrativa como la que menoscabe el peso que la agencia le haya conferido. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 437 (1997). Ello implica que, de existir un conflicto razonable en la prueba, debe respetarse la apreciación de la agencia. *Hilton v. Junta de Salario Mínimo*, 74 DPR 670, 687 (1953).

Debido a la presunción de regularidad y corrección de los procedimientos y las decisiones de las agencias administrativas, quien alegue ausencia de evidencia sustancial tendrá que presentar prueba suficiente para derrotar esta presunción, no pudiendo descansar en meras alegaciones. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). Para ello, deberá demostrar que existe otra prueba en el expediente, que reduzca o menoscabe el valor probatorio de la

evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. *Gutiérrez Vázquez v. Hernández*, 172 DPR 232, 245 (2007).

Si la parte afectada no demuestra la existencia de otra prueba que sostenga que la actuación de la agencia no está basada en evidencia sustancial o que reduzca o menoscabe el valor de la evidencia impugnada, el tribunal respetará las determinaciones de hecho y no sustituirá el criterio de la agencia por el suyo. *Otero v. Toyota, supra*, pág. 728. En cambio, las conclusiones de derecho son revisables en todos sus aspectos. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 894 (2008). De esta manera, los tribunales, al realizar su función revisora, están compelidos a considerar la especialización y la experiencia de la agencia con respecto a las leyes y reglamentos que administra. *Asoc. Vec. de H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75-76 (2000). Así pues, si el punto de derecho no conlleva interpretación dentro del marco de la especialidad de la agencia, entonces el mismo es revisable sin limitación. *Rivera v. A & C Development Corp.*, 144 DPR 450, 461 (1997).

Sin embargo, aun cuando el tribunal tiene facultad para revisar en todos sus aspectos las conclusiones de derecho de una agencia, se ha establecido que ello no implica que los tribunales revisores tienen la libertad absoluta para descartarlas libremente. *López Borges v. Adm. Corrección*, 185 DPR 603, 626 (2012); *Federation Des Ind. v. Ebel*, 172 DPR 615, 648 (2007).

**B.**

La jurisdicción consiste en la autoridad o el poder que tiene el tribunal para atender y decidir un caso o controversia. *Fuentes Bonilla v. Estado Libre Asociado de Puerto Rico*, 200 DPR 364 (2018). La jurisprudencia del Foro Más Alto ha dictado reiteradamente que los tribunales tienen el deber ineludible de verificar la existencia de

jurisdicción, *motu proprio,* sin necesidad de un señalamiento previo de alguna de las partes en el litigio. *Carattini v. Collazo Systems Analysis, Inc.,* 158 DPR 345 (2003).

La falta de jurisdicción de un tribunal no es subsanable, por lo que el tribunal está impedido de asumir la jurisdicción, a su discreción, donde no la hay. *S.L.G. Szendrey Ramos v. F. Castillo,* 169 DPR 873, 883 (2007); *Souffront v. A.A.A.,* 164 DPR 663 (2005). De igual manera, las partes no pueden voluntariamente conferirle o abrogarle jurisdicción al tribunal.

Por consiguiente, al determinar que no se tiene jurisdicción, el tribunal tiene que desestimar la reclamación ante sí, sin entrar a resolverla en sus méritos. Esto se fundamenta en que, si un tribunal dicta una sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o ultra vires. *Cordero et al. v. ARPE et al.,* 187 DPR 445, 447 (2012).

En lo pertinente al caso ante nuestra consideración, la Regla 10 del Reglamento Núm. 8034, *supra,* dispone que, a iniciativa propia o a solicitud del querellado, el DACO podrá ordenar al querellante a que muestre causa por la cual no deba desestimarse la querella por las razones siguientes: "la querella no presenta una reclamación que justifique la concesión de un remedio, por inmeritoria, por falta de jurisdicción, o por cualquier otro fundamento que en Derecho proceda." Regla 10.1. del Reglamento Núm. 8034, *supra.* Contra dicha determinación, procederá una solicitud de reconsideración o revisión, según se dispone en la Regla 29 de este Reglamento. Regla 10.2. del Reglamento Núm. 8034, *supra.*

## C.

El DACO tiene como propósito primordial "vindicar e implementar los derechos del consumidor, frenar las tendencias inflacionarias; así como el establecimiento y fiscalización de un

control de precios sobre los artículos y servicios de uso y consumo." Artículo 3 de la Ley Núm. 5 de 23 de abril de 1973, según enmendada, conocida como *"Ley Orgánica del Departamento de Asuntos del Consumidor"*, 3 LPRA sec. 341b. A fin de poder cumplir con este propósito, el Secretario del DACO tiene el deber y la facultad de "[a]tender, investigar y resolver las quejas y querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos del sector privado de la economía." Artículo 6(c) de la Ley Núm. 5 de 23 de abril de 1973, *supra.* En aras de vindicar eficazmente los derechos de los consumidores, el DACO "posee una estructura de adjudicación administrativa con plenos y amplios poderes para adjudicar las querellas ante su consideración, y conceder los remedios pertinentes conforme a derecho." Artículo 6(d) de la Ley Núm. 5 de 23 de abril de 1973, *supra.*

Además de quejas y querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos del sector privado de la economía, la Asamblea Legislativa le ha delegado mediante distintas leyes al DACO la autoridad para regular y atender otros asuntos específicos en los que haya consumidores envueltos. *Ameiro González v. Pinnacle Real Estate*, 173 DPR 363, 373-374 (2008).

En lo pertinente al caso ante nuestra consideración, la Ley Núm. 10-1994, según enmendada, conocida como *"Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor o Empresa de Bienes Raíces en Puerto Rico"*, 20 LPRA sec. 3025 *et seq.*, la cual, primordialmente, reglamenta el ejercicio de la profesión de corredor de bienes raíces en Puerto Rico, faculta al DACO a supervisar el negocio de bienes raíces en Puerto Rico y la venta en Puerto Rico de bienes raíces ubicados fuera del Estado Libre Asociado de Puerto Rico. Artículo 23 de la Ley Núm. 10-1994, *supra.* El DACO puede emplear todas las facultades y poderes que

le han sido conferidos por la Ley Núm. 5 de 23 de abril de 1973, *supra*, en la investigación, tramitación, adjudicación y disposición de las querellas que se traigan ante su consideración bajo las disposiciones de la Ley Núm. 10-1994, *supra.*

El Artículo 1(g) de la Ley Núm. 10-1994, *supra*, define el término corredor de bienes raíces de la forma siguiente:

> "(g) Corredor de bienes raíces. – Es la persona natural que, poseyendo una licencia para ejercer la profesión de corredor de bienes raíces expedida por la Junta, actúe como intermediario, mediante pago o promesa de pago de cualquier compensación mutua y previamente convenida, entre las partes que acuerden llevar a cabo en el Estado Libre Asociado de Puerto Rico una transacción de compraventa, promesa de venta, opción de compra o venta, permuta, arrendamiento, subasta, administración de propiedades, o en el ofrecimiento, promoción o negociación de los términos de una venta, opción de compraventa, promesa de venta, alquiler, administración, permuta de bienes inmuebles localizados en o fuera del Estado Libre Asociado de Puerto Rico. **Sin embargo, no se considerará ejercer la profesión de bienes raíces para propósitos de este capítulo, cualquier tipo de transacción relacionada con la compra, venta, alquiler, permuta, subasta o administración de un bien inmueble en la que él sea titular de dicho bien inmueble y actúe en beneficio propio y no como intermediario entre dos (2) clientes."** (Énfasis suplido). Véase, además, la Sección 7 del Artículo 4 del Reglamento de la Ley para Reglamentar el Negocio de Bienes Raíces en Puerto Rico, Reglamento Núm. 5567 de 3 de abril de 1997.[20]

Por otra parte, el Artículo 33 de la Ley Núm. 10-1994, *supra*, dispone lo siguiente:

> **"Las disposiciones de esta Ley no aplicarán:**

---

[20] La Sección 7 del Artículo 4 del Reglamento de la Ley para Reglamentar el Negocio de Bienes Raíces en Puerto Rico, Reglamento Núm. 5567 de 3 de abril de 1997, define el término corredor de bienes raíces de la forma siguiente:
> "La persona natural que, poseyendo una Licencia para ejercer la profesión de Corredor de Bienes Raíces expedida por la Junta, actúe como intermediario, mediante pago o promesa de pago de cualquier compensación mutua y previamente convenida, entre las partes que acuerden llevar a cabo en Puerto Rico una transacción de compraventa, promesa de venta, subasta, administración de propiedad o en el ofrecimiento, promoción o negociación de los términos de una venta, opción de compraventa, alquiler, administración, permuta de bienes raíces localizados en o fuera de Puerto Rico. Disponiéndose, sin embargo, que no se considerará ejercer la profesión de Corredor de Bienes Raíces para propósitos de la Ley o este Reglamento, cualquier tipo de transacción relacionada con la compra, venta, alquiler, permuta, subasta o administración de un bien inmueble y actúe en beneficio propio y no como intermediario entre los clientes."

(a) A los abogados en sus relaciones profesionales (abogado-cliente) con sus clientes.

(b) A los apoderados nombrados de acuerdo con las leyes vigentes en Puerto Rico en relación con los bienes de sus poderdantes.

(c) A los albaceas, contadores partidores y administradores judiciales, en lo que respecta a los bienes de caudales hereditarios a su cargo.

(d) A las personas que actúen por designación de los Tribunales o agencias del Gobierno Federal o Estatal.

**(e)** A los propietarios de bienes inmuebles localizados en o fuera de Puerto Rico que vendan o enajenen bienes inmuebles propios cuando no se dediquen **habitualmente** a la venta de bienes raíces. La Junta podrá establecer por reglamento las normas necesarias para evitar que esta excepción se utilice para el ejercicio sin licencia de las actividades que esta Ley regula." (énfasis suplido). Véase, *Ameiro González v. Pinnacle Real Estate,* supra.

**III**

En su recurso de revisión, la Sra. Hernández Morales señala que el DACO erró "al declarar sin jurisdicción la Querella SAN-2020-0007944, cuando previamente había declarado sin lugar la Moción de Desestimación presentada por el querellado ante la Juez Administrativa Mari R. Ortíz Maldonado" y "al determinar que el Contrato entre las partes era uno privado cuando el querellado se dedica habitualmente al negocio de ventas de bienes raíces".

En el dictamen recurrido, el DACO, luego de haber escuchado las vistas[21] y evaluado el expediente administrativo, así como la prueba que obraba en este, formuló cinco (5) determinaciones de hechos de las cuales concluyó que los contratos suscritos eran entre partes privadas, donde no había mediado un corredor de bienes raíces; y que el Sr. Rodríguez Torres y su esposa habían comparecido en los referidos contratos como propietarios del bien inmueble objeto de estos. Finalmente, dicho foro resolvió que no eran de aplicación

---

[21] Como reseñamos, el dictamen recurrido se emitió por voz de un Juez Administrativo distinto al que presidió la vista adjudicativa.

las disposiciones de la Ley Núm. 10-1994, *supra*, por lo que el DACO carecía de jurisdicción para entender en estos contratos.

Como expusimos, la Ley Núm. 10 de 1994, *supra*, dispone que, como regla general, no se considera ejercer la profesión de bienes raíces cualquier tipo de transacción relacionada con la compra, venta, alquiler, permuta, subasta o administración de un bien inmueble en la que un corredor de bienes raíces, según definido por esta Ley, sea titular de dicho bien inmueble y actúe en beneficio propio y no como intermediario entre dos (2) clientes. Artículo 1(g) de la Ley Núm. 10-1994, *supra*. Por excepción, la misma Ley dispone que sus disposiciones **no aplicarán**, entre otros, "[a] los propietarios de bienes inmuebles localizados en o fuera de Puerto Rico que vendan o enajenen bienes inmuebles propios **cuando no se dediquen habitualmente** a la venta de bienes raíces." (énfasis suplido). Artículo 33(e) de la Ley Núm. 10-1994, *supra*.

Analizado el dictamen recurrido, encontramos que este está huérfano de un análisis en torno a estas disposiciones de la Ley Núm. 10 de 1994, *supra*. Únicamente se formulan conclusiones de derecho relacionadas con la jurisdicción del DACO en general. A su vez, el referido dictamen no hace referencia alguna a la prueba que sustenta sus determinaciones de hechos ni al peso que le dio el juzgador a esta.

A nuestro juicio, al DACO le correspondía evaluar el carácter en que actuó el Sr. Rodríguez Torres tomando en consideración todas las disposiciones de la Ley Núm. 10 de 1994, *supra*, de manera conjunta, las cuales atienden este asunto, y debió analizar toda la prueba que surja del expediente administrativo, así como las alegaciones de la parte recurrente a la luz de la prueba presentada.

**IV**

Por los fundamentos expuestos, se deja sin efecto la *Resolución* recurrida y se devuelve el caso al foro administrativo para

la celebración de una vista con el propósito de que se dilucide adecuadamente esta controversia.

La Jueza Cintrón Cintrón concurre sin opinión escrita.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
